UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Gary Debenedetto, | Case No. 24-CV-660 (JMB/DLM) |
| Petitioner, | |
| v. | **ORDER ON REPORT AND RECOMMENDATION** |
| Jared Rarden, Warden, | |
| Respondent. | |

---

This matter is before the Court on the Report and Recommendation (R&R) of United States Magistrate Judge Douglas L. Micko, dated March 29, 2024. (Doc. No. 7.) The R&R recommends that Petitioner Gary Debenedetto's Amended Petition[1] for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. No. 4) be denied, the matter be dismissed, and Debenedetto's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. No. 5) be denied as moot. (*See* Doc. No. 7.) For the following reasons, the Court adopts the R&R.

The Court reviews the challenged portions of an R&R under a de novo standard of review. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); D. Minn. L.R. 72.2(b)(3).

---

[1] On April 1, 2024, Debenedetto filed a Second Amended Petition. (Doc. No. 8.) The Second Amended Petition did not become operative upon filing because Debenedetto has already amended his habeas petition once. (*See* Doc. Nos. 1, 4.) The Court therefore construes the Second Amended Petition, (Doc. No. 8), as a Motion for Leave to Amend. Because the Second Amended Petition fails for the same reasons as the Amended Petition, (Doc. No. 4), for which Magistrate Judge Micko has already recommended dismissal, the Court denies the Motion for Leave to Amend. *See Knapp v. Hanson*, 183 F.3d 786, 790 (8th Cir. 1999) ("[F]utility constitutes a valid reason for denial of a motion to amend.")

However, the Court need only review for clear error any aspect of an R&R to which no specific objection is made. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996). Because Debenedetto is self-represented, his objection is entitled to liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Here, Debenedetto filed numerous objections to the R&R. (*See* Doc. Nos. 9, 10, 12 (collectively, Objections).) The Court closely reviewed the documents to determine whether it could discern any objections to the R&R. Many of Debenedetto's filings are difficult to follow, but it appears Debenedetto takes issue with the R&R's conclusion concerning the alleged false testimony referenced in the Amended Petition. More generally, Debenedetto reasserts other allegations from his Amended Petition. (*Id.*; *see also* Doc. No. 4.)[2]

Having fully reviewed the record de novo, this Court agrees with the Magistrate that Debenedetto's Amended petition raises claims that have been, or should have been, raised either on direct appeal from his civil-commitment order or in one of his prior habeas petitions attacking the validity of his civil commitment. (Doc. No. 7); *see also Debenedetto v. Rardin*, No. 22-CV-1470 (NEB/BRT), 2022 WL 3647823 (D. Minn. Aug. 24, 2022),

---

[2] In his Objections Debenedetto argues that he received ineffective assistance of counsel during commitment hearings. Because these arguments were not presented in Debenedetto's Amended Petition, (Doc. No. 4), and therefore not considered by the Magistrate Judge, the Court will not address them here. *Munt v. Larson*, No. 15-0582, 2015 WL 5673108 at *14 (D. Minn. Sept. 23, 2015) ("New claims or arguments, presented for the first time in the objections to an R&R, will not be reviewed.").

*aff'd*, No. 22-2873, 2022 WL 18956505 (8th Cir. Sept. 29, 2022); *United States v. Debenedetto*, 618 F. App'x 751 (4th Cir. 2015).

Accordingly, IT IS HEREBY ORDERED that:

1. The R&R (Doc. No. 7) is ADOPTED;

2. Petitioner Gary Debenedetto's Amended Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. No. 4) is DENIED;

3. This action is DISMISSED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: April 26, 2024

/s/ Jeffrey M. Bryan
Judge Jeffrey M. Bryan
United States District Court

3